United States District Court
Southern District of Texas
**ENTERED**
August 30, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal Action No. 18-0714-1 |
| | § | |
| JOSE M. VALENCIA | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is defendant Jose M. Valencia's *pro se* motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) (Docket Entry No. 292), to which the Government has filed a response in opposition (Docket Entry No. 295).

Having considered the motion, the response, the record, and the applicable law, the Court **DENIES** the motion for the reasons shown below.

## I. BACKGROUND

Defendant pleaded guilty before this Court to conspiracy to possess with intent to distribute 50 grams or more of a Schedule II controlled substance (methamphetamine). The Court sentenced him to a 60-month term of imprisonment on December 17, 2021, followed by a five-year term of supervised release. The Bureau of Prisons currently reports defendant's anticipated release date as June 30, 2025.

Defendant argues he is entitled to a sentence reduction under amended Part B, Subpart 1 of Amendment 821 to the Sentencing Guidelines for zero point offenders. He provides no factual allegations supporting his claim of entitlement to the reduction. The Government responds that the amended guideline provides defendant no basis for a sentence reduction.

## II. ANALYSIS

Part B, subpart 1 of Amendment 821 created United States Sentencing Guideline ("U.S.S.G.") § 4C1.1. The new guideline provides a decrease of two offense levels for "zero point offenders"—those with no criminal history points—whose offense did not involve any of the enumerated aggravating factors listed in sections 4C1.1(a)(2) through (a)(10).

The Government agrees that defendant received no criminal history points for purposes of section 4C1.1. However, it argues that defendant is not eligible for a sentence reduction because he does not meet the requirements of sections 4C1.1(a)(3) and (a)(7). Under section 4C1.1(a)(3), a defendant is eligible for the two level reduction only if he "did not use violence or credible threats of violence in connection with the offense." U.S.S.G. § 4C1.1(a)(3). Under section 4C1.1(a)(7), the defendant must not have "possess[ed], receive[d], purchase[d], transport[ed], transfer[ed], [sold], or otherwise dispose[d] of a firearm or other dangerous weapon (or induce[d] another participant to do so) in connection with the offense." U.S.S.G. § 4C1.1(a)(7).

In the instant case, defendant used credible threats of violence and possessed a firearm in connection with the offense for which he was sentenced. Defendant and a confidential source ("CS") were looking for a person named Dennis, who was involved in the loss of a load of drugs belonging to defendant and his co-conspirators. The PSR indicates that defendant thought Dennis ran off with the drugs; when defendant thought he saw Dennis, he "brandished a semi-automatic pistol and racked the pistol slide." (Docket Entry No. 190 at

¶ 15.) Furthermore, because the CS had introduced Dennis to defendant, defendant threatened the lives of the CS and his family if the CS failed to recover the lost drugs. *Id.* The CS believed defendant's threats of physical harm to himself and to his family, and contacted the Federal Bureau of Investigations in this case. *Id.*

For these reasons, defendant is not eligible for a sentence reduction under the zero point offender provisions of U.S.S.G. § 4C1.1, and his motion must be denied.

Because defendant is not entitled to a sentence reduction, the Court will not undertake consideration of any applicable section 3553(a) sentencing factors.

### III. CONCLUSION

Defendant's motion for a sentence reduction (Docket Entry No. 292) is **DENIED**.

Signed at Houston, Texas, on this the 28th day of August, 2024.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE